UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00632-MOC-DSC

| | | |
|---|---|---|
| **HOIST & CRANE SERVICES GROUP, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER OF REMAND |
| | ) | |
| **DONALD S. ROGERS AND FLORIDA HANDLING SYSTEMS, INC.,** | ) ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on Plaintiff's Motion to Remand filed on November 23, 2020. (Doc. No. 6). Plaintiff argues that this case should be remanded to the General Court of Justice, Superior Court Division, of Mecklenburg County, North Carolina, pursuant to 28 U.S.C. § 1447(c). Defendant filed a Response to this motion on December 3, 2020. Plaintiff filed a Reply on December 8, 2020.

Plaintiff contends that this case should be remanded for two primary reasons. First, the "forum defendant rule" of § 1441(b)(2) prohibits removal because Defendant Donald Rogers is a citizen of North Carolina. Second, this Court lacks subject matter jurisdiction over this case because it does not satisfy either the amount-in-controversy requirement of 28 U.S.C. § 1332(a) nor asserts a federal question under § 1331.

The Court agrees with Plaintiff that the forum defendant rule of § 1441(b)(2) applies to this case. In its Notice of Removal, Defendant Florida Handling Systems (FHS) represented to this Court that "Defendant Donald Rogers is a resident and citizen of Mecklenburg County, North Carolina." (Doc. No. 1 at 2.). But in their Response in Opposition to the Motion to Remand,

-1-

Defendants reject its own factual assertion alleging it is: "conclusory, unsubstantiated, and incorrect." (Doc. No. 7 at 2). Defendants now adopt a contradictory position to argue that Rogers changed his citizenship to Florida before Hoist & Crane filed its complaint in State Court. However, the proper procedure for contradicting the factual assertions in a notice of removal is amending the notice itself, not arguing inconsistently after the plaintiff has challenged the removal. Because the time for amendment has elapsed, Defendants are relegated to the statement they made (or adopted, in Rogers' case, see Doc. No. 3 at 1) in their Notice of Removal. The forum defendant rule therefore applies and this case is remanded to State Court.

## LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "the judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. CONST., art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states. 28 U.S.C. § 1332(a)(1).

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441. This statute states, in relevant part

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "Federal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." Dennison v. Carolina Payday Loans, Inc., 549 F. 3d 941, 943 (4th Cir. 2008) (citations omitted). "The burden of establishing federal jurisdiction is placed upon the party seeking

removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). Defendants have the burden to show the existence of federal jurisdiction by a preponderance of the evidence. Johnson v. Nutrex Research, Inc., 429 F. Supp. 2d 723, 726 (D. Md. 2006) (citing Schwenk v. Cobra Mfg. Co., 322 F. Supp. 2d 676, 678 (E.D. Va. 2004).

Because removal of civil cases from state to federal court infringes state sovereignty, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined."); Mulcahey, 29 F.3d at 151 ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction.") (citations omitted); Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (noting "Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction") (citations omitted).

A defendant's ability to remove based upon diversity jurisdiction is limited by the forum defendant rule of 28 U.S.C. 1441(b)(2), which provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This provision, "commonly known as the 'forum defendant rule,' is separate and apart from the statute conferring diversity jurisdiction ... [and] confines removal on the basis of diversity to instances where no defendant is a citizen of the forum state.'" Councell v. Homer Laughlin

China Co., 823 F. Supp. 2d 370, 377 (N.D.W. Va. 2011) (quoting Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006)).

The forum defendant rule exists due to the basic premise behind diversity jurisdiction itself. Section 1332 jurisdiction is designed to protect for out-of-state litigants from possible bias in favor of in-state litigants in state court. Removal based upon diversity serves this purpose in that an in-state plaintiff may not utilize her position as master of the case to keep an out-of-state defendant in state court in order to take advantage of local bias. However, the protection upon which removal based on diversity is premised is not an issue when an out-of-state plaintiff chooses to bring a suit in the state where the defendant is a citizen. Therefore, the forum defendant rule exists to allow the plaintiff to retain a certain amount of control over her case when such concerns about local bias in her favor are not in issue. See Councell, 823 F. Supp at 379 (citation omitted); see also Lively, 456 F.3d at 940 ("The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought."). "Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court." Lively, 456 F.3d at 940; see also Councell, 823 F. Supp. 2d at 379 ("[I]f diversity jurisdiction exists and a defendant removes a case in violation of the forum defendant rule ..., the plaintiff may still exercise control over the case by moving for remand.")

## DISCUSSION

When FHS filed its Notice of Removal, it stated as a fact that "Defendant Donald Rogers is a resident and citizen of Mecklenburg County, North Carolina." (Doc. No. 1 at 2). When Rogers filed a Notice of Consent to Removal four days later, he did not contradict this statement,

-4-

either explicitly or implicitly. (See Doc. No. 3). Instead, he adopted it by "provid[ing] timely notice that he consents to the removal of this action to this Court." (Id. at 1). Only after Hoist & Crane moved to remand this case alleging that the forum defendant rule barred removal did Defendants change their tune. In their response in opposition, Defendants now argue for the first time that Rogers is not a citizen of North Carolina and changed his citizenship to Florida before Hoist & Crane filed its complaint. (See Doc. No. 7 at 2).

A defendant seeking to correct a deficiency in its notice of removal must file an amended notice of removal.[1] See, e.g., J&J Mobile Home Park Inc. v. Bell, 266 F. App'x 195, 196 (3d Cir. 2008); Perpetual Bldg. & Loan Ass'n v. Series Dirs. of Equitable Bldg. & Loan Ass'n, Series No. 52, 217 F.2d 1, 6 (4th Cir. 1954); Brodar v. McKinney, 378 F. Supp. 2d 634, 638 (M.D.N.C. 2005); Mason v. Int'l Bus. Machs., Inc., 543 F. Supp. 444, 446 (M.D.N.C. 1982). "[B]ut such amendments generally must be made within the thirty-day time period for removal." Brodar, 378 F. Supp. 2d at 638. FHS admits that it received the summons and complaint "[o]n or about October 13, 2020." (Doc. No. 1 at 1). Neither defendant has moved to amend the notice of removal here. Thus, the thirty-day period during which FHS could have amended its notice of removal as a matter of right has long since elapsed. See 28 U.S.C. § 1446(b)(1). Additionally, Defendants filed their response in opposition to the motion to remand on December 3, 2020, well

---

[1] The Supreme Court has authorized treating a removal petition as if it had been amended to include information contained in later-filed affidavits, but only in a supplemental capacity. See Willingham v. Morgan, 395 U.S. 402, 407 n.3 (1969); see also In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig., 488 F.3d 112, 129 (2d Cir. 2007). The Court has never held that a defendant may silently amend its notice of removal by subsequently filing a declaration that directly contradicts facts specifically alleged in the notice itself. Cf. Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 511, 518 (D.N.J. 2012) ("The subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court.").

-5-

Case 3:20-cv-00632-MOC-DSC   Document 14   Filed 12/17/20   Page 5 of 9

after this period had ended. (See Doc. No. 7). So even if the Court construed their change of position as to Rogers' citizenship as an attempt to amend the notice of removal, it is still untimely.

This case does not present the limited circumstance in which a court may grant a defendant leave to amend its notice of removal after the expiration of § 1446's thirty-day limit. As the caselaw explains:

> [T]he courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to amendments to correct technical defects in the jurisdictional allegations in the notice of removal, and that amendments to remedy a substantive defect in the [removal] petition, i.e., to add a new basis for federal jurisdiction, are not permitted.

Lafountain v. Paul Benton Motors of N.C., LLC, No. 7:09-CV-212-F, 2010 WL 3767122, at *2 (E.D.N.C. Aug. 23, 2010) (report and recommendation) (quoting Blakeley v. United Cable Sys., 105 F. Supp. 2d 574, 579 (S.D. Miss. 2000)), adopted, 2010 WL 3767118 (E.D.N.C. Sept. 24, 2010). Such a qualifying defect must be jurisdictional because a district court's power to grant leave to amend here stems from 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." See Muhlenbeck v. KI, LLC, 304 F. Supp. 2d 797, 799 (E.D. Va. 2004); see also Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988).

By contrast, the factual assertion in the notice of removal that Defendants seek to "amend" here is neither technical nor jurisdictional. It is not jurisdictional for two reasons. First, regardless of whether Rogers is a citizen of North Carolina or Florida, complete diversity exists

-6-

in this case, as Hoist & Crane is a citizen of neither.[2] (See Doc. No. 1-3 at 3.) Second, the forum defendant rule is non-jurisdictional.[3] See also Hooks v. Am. Med. Sec. Life Ins. Co., No. 3:06-CV-00071, 2006 WL 2504903, at *3 (W.D.N.C. Aug. 29, 2006) ("A defendant may not amend a notice of removal more than thirty days after removal other than to correct facts underlying jurisdictional allegations." (emphasis added)). Consider another non-jurisdictional requirement of § 1446(b)—that "all the defendants who must join in or consent to the removal petition must do so within thirty (30) days of service of process." Mason, 543 F. Supp. at 446 (discussing 28 U.S.C. § 1446(b)). Courts have consistently denied leave to amend to defendants that fail to satisfy this requirement within the thirty-day period. E.g., Brodar, 378 F. Supp. 2d at 638; Egle Nursing Home, Inc. v. Erie Ins. Grp., 981 F. Supp. 932, 935 (D. Md. 1997); Mason, 543 F. Supp. at 446. Defendants' failure to timely amend the notice of removal here in order to evade the scope of the forum defendant rule deserves the same treatment.

"[L]eave to amend has not been granted where the court finds that . . . the change proposed by the motion to amend the petition for removal would be 'material and substantial.'" Muhlenbeck v. KI, LLC, 304 F. Supp. 2d 797, 800 (E.D. Va. 2004). In other words, not "technical." Lafountain, 2010 WL 3767122, at *2. "An amendment is 'material and substantial,' for example, where it is likely to lead to a significant factual dispute between the parties." Muhlenbeck, 304 F. Supp. 2d at 800. Such a dispute is already on display here, as one glance at the moving papers shows that the parties vigorously disagree as to Rogers' citizenship—or at

---

[2] Hoist & Crane does contest the amount in controversy here, but that is a separate question, and is not implicated by Rogers' citizenship.

[3] "[E]ight of the nine circuits that have addressed this issue" have so held. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir. 2006) (collecting cases); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 n.6 (2005).

least, they do now. Indeed, the timing of Defendants' factual about-face confirms the "material and substantial" nature of their change in position. Defendants have contradicted the notice of removal's assertion of Rogers' North Carolina citizenship in order to gain a specific, strategic advantage over Hoist & Crane as to its forum defendant rule argument. Before Hoist & Crane filed its motion advancing that argument, Defendants saw no need to contradict any part of the notice of removal. This maneuvering is not the sort of conduct that falls within the narrow exception to the untimely amendment bar.

Because Defendants attempt to "allege entirely new facts of substance" rather than "cure purely technical defects" or "allege specific removal grounds imperfectly stated in the original petition," Mason, 543 F. Supp. at 446, it would be improper to allow amendment of the notice of removal in any form.[4] Defendants' allegation that Rogers is a citizen of North Carolina therefore stands, and § 1441(b)(2) requires a remand.

**ORDER**

**IT IS, THEREFORE, ORDERED** that this action is **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, for Mecklenburg County in accordance with § 1447(c).

The Clerk of Court is instructed to mail a certified copy of this Order to that court.

---

[4] Nor would it be appropriate to hold an evidentiary hearing on the issue of Rogers' citizenship. "[N]o evidentiary hearing is required if the grounds purportedly justifying removal are patently invalid from the face of the removal petition." Muhammad v. Muhammad, 78 F. App'x 942, 944 (5th Cir. 2003); see North Carolina v. Grant, 452 F.2d 780, 782 (4th Cir. 1972). Here, the notice of removal, on its face, falls within the ambit of the forum defendant rule to preclude removal.

Signed: December 17, 2020

*Max O. Cogburn Jr*
United States District Judge